# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DONALD MANNING, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. CIV-18-44-M |
| | ) |
| SOUTHWESTERN BELL | ) |
| TELEPHONE COMPANY and | ) |
| AARON MCSPADDEN, individually, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before the Court is defendant Aaron McSpadden's ("McSpadden") Second Motion to Dismiss for Failure to State a Claim, filed February 27, 2018. On March 20, 2018, plaintiff filed his response, and on March 26, 2018, McSpadden filed his reply.

I.    Introduction[1]

Plaintiff was employed by defendant Southwestern Bell Telephone Company ("SW Bell") as a premises technician from approximately December 14, 2012 until he was terminated on June 29, 2016. McSpadden became plaintiff's supervisor in 2015. Plaintiff alleges that while supervising him, McSpadden treated plaintiff and other African American employees differently (negatively) than he treated white employees. Plaintiff further alleges that McSpadden created a hostile work environment, harassed him, and wrongfully disciplined him because of the color of his skin and that the goal of these actions was to humiliate plaintiff to get him to quit and to create fraudulent records to terminate plaintiff. In one incident on November 1, 2015, McSpadden sent a picture of a gorilla in a group text to other employees of SW Bell and directly referenced the

---

[1] The facts set forth in this Introduction are based upon plaintiff's Amended Complaint.

appearance of plaintiff in comparison to the picture of the gorilla.  Plaintiff complained about McSpadden's conduct.  On June 30, 2016, plaintiff was terminated from his employment.

On December 20, 2017, plaintiff filed the instant action.  On February 13, 2018, plaintiff filed his Amended Complaint, asserting a racial discrimination cause of action against SW Bell and a malicious wrong cause of action against McSpadden.  McSpadden now moves the Court to dismiss plaintiff's malicious wrong cause of action for failure to state a claim upon which relief may be granted.

II.     Discussion

McSpadden asserts, in part, that plaintiff's malicious wrong cause of action is preempted by the Oklahoma Anti-Discrimination Act ("OADA").  The OADA "provides for exclusive remedies within the state of the policies for individuals alleging discrimination in employment on the basis of race . . . ."  Okla. Stat. tit. 25, § 1101(A).  The Tenth Circuit has found that a tort claim based on the same set of facts as a plaintiff's discrimination claim falls within the OADA's limitation of common law remedies.  *See Jones v. Needham*, 856 F.3d 1284, 1292 (10th Cir. 2017).  The Tenth Circuit, however, has found:

> it could be that the same facts simply provide the basis for two different legal theories that are sufficiently distinct so as not to be precluded by the OADA.  This sometimes happens in the Title VII context when courts have found that the separately-actionable tort is "highly personable" in nature.

*Id.* (internal citation omitted).

Having carefully reviewed plaintiff's Amended Complaint, the Court finds that plaintiff's malicious wrong cause of action falls within the OADA's limitation of common law remedies.  Specifically, the Court finds that plaintiff's malicious wrong cause of action is based on the same set of facts as his racial discrimination cause of action.  In fact, plaintiff incorporates by reference

2

all preceding paragraphs of his Amended Complaint in his malicious wrong cause of action. Additionally, the Court finds the exception noted in *Jones* does not apply to plaintiff's malicious wrong cause of action. Specifically, the Court finds both the injury alleged and the conduct causing the injury is the same in plaintiff's racial discrimination cause of action and malicious wrong cause of action. Both causes of action are asserting plaintiff was terminated based upon McSpadden's racist conduct. Accordingly, the Court finds that plaintiff's malicious wrong cause of action should be dismissed.

III. Conclusion

For the reasons set forth above, the Court GRANTS McSpadden's Second Motion to Dismiss for Failure to State a Claim [docket no. 18] and DISMISSES plaintiff's malicious wrong cause of action.

**IT IS SO ORDERED this 12th day of April, 2018.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE